COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


WILLIAM LEE RHODES

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0301-01-3             JUDGE LARRY G. ELDER
                                          DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                   George E. Honts, III, Judge

         H. David Natkin for appellant.

         Linwood T. Wells, Jr., Assistant Attorney
         General (Randolph A. Beales, Attorney
         General, on brief), for appellee.


     William Lee Rhodes (appellant) appeals from his bench trial

conviction for assault on a law enforcement officer pursuant to

Code § 18.2-57(C), an offense which requires a mandatory minimum

sentence of six months.  On appeal, appellant contends the

evidence was insufficient to support his conviction because it

failed to establish an imminent threat or danger to the officer.

We hold the evidence was sufficient to support appellant's

assault conviction, and we affirm.

     When considering the sufficiency of the evidence on appeal

of a criminal conviction, we view the evidence in the light most

favorable to the Commonwealth, granting to its evidence all

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible.  See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  Further, any element of a crime may be proved by circumstantial evidence, Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Code § 18.2-57(C) provides that "if any person commits an assault . . . against another knowing or having reason to know that such other person is a law enforcement officer . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . ."  A conviction for assault requires proof of

> an overt act or an attempt, or the
> unequivocal appearance of an attempt, with
> force and violence, to do physical injury to
> the person of another . . . as by striking
> at him in a threatening or insulting manner,
> or with such other circumstances as denote
> at the time an intention, coupled with a

-

> present ability, of actual violence against
> his person, <u>as by pointing a weapon at him
> when he is within reach of it</u>.

<u>Merritt v. Commonwealth</u>, 164 Va. 653, 658-59, 180 S.E. 395,

397-98 (1935) (emphasis added) (citations and internal quotation

marks omitted).

Here, although the evidence established that appellant was

already carrying a knife when he first saw Officer Jonathan

Shenk, it also proved that, after looking directly at Officer

Shenk, who was standing only ten to fifteen feet away, appellant

unsheathed the knife and brandished it at Officer Shenk for a

period of "minutes." Shenk demonstrated repeatedly for the

trial court how appellant held the knife, and the trial court

found as a fact that appellant "very clearly [had] drawn" the

"substantial sized knife." During that time, appellant looked

at Officer Shenk, looked back down at the knife, "looked right

back at [Officer Shenk]" and "stood there" as if "he was

thinking about it." Finally, appellant continued to brandish

the knife despite the fact that Officer Shenk repeatedly

"holler[ed]" at appellant to put the knife down and started to

draw and aim his firearm in order to defend himself. Officer

Shenk testified he had learned while training to be a police

officer that a person standing within fifteen feet of him with a

knife could lunge at and injure him in less time than it would

take him to fire his gun in self-defense. Thus, the only

reasonable hypothesis flowing from the evidence, viewed in the

-

light most favorable to the Commonwealth, was that appellant assaulted Officer Shenk by placing him in reasonable fear of immediate personal harm.  See id. at 658, 180 S.E. at 397.

For these reasons, we hold the evidence was sufficient to support appellant's conviction, and we affirm.

Affirmed.

-